**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMEN EDUCATION AND TRAINING, LOCAL 130, U.A., and the PLUMBERS' RETIREMENT SAVINGS FUND, LOCAL 130, U.A., | ) | Case No.: 26 CV 11707 |
| *Plaintiffs,* | ) | |
| v. | ) | |
| ADAMSON PLUMBING CONTRACTORS, INC., | ) | |
| *Defendant.* | ) | |

**<u>COMPLAINT</u>**

Plaintiffs, PLUMBERS' PENSION FUND, LOCAL 130, U.A., et al. ("the Funds"), by and through their undersigned attorneys, complain against Defendant, ADAMSON PLUMBING CONTRACTORS, INC. ("Adamson"), and allege as follows:

**NATURE OF THE ACTION**

1. This is an action to collect delinquent fringe benefit contributions, union dues, and payroll deductions. Adamson reported the hours its plumbers worked in June and July 2026 and the $123,323.27 it owed for those hours. It paid none of it.

2. The Funds sue under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145. They also sue under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. They seek the unpaid contributions, liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION & VENUE

3. This Court has subject-matter jurisdiction under 29 U.S.C. § 1132(e)(1) and (f), 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

4. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b). The Funds are administered in Chicago, Illinois, the breach occurred in this District, and Adamson's principal place of business is within this District.

## THE PARTIES

5. The Funds are jointly administered, multiemployer employee benefit plans within the meaning of 29 U.S.C. § 1002(1), (2), (3), and (37). They were established under Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and are administered in Chicago, Illinois.

6. The Funds receive contributions from employers bound to collective bargaining agreements with Chicago Journeymen Plumbers' Local Union 130, U.A. ("Local 130"). Their Boards of Trustees are the plan sponsors and fiduciaries within the meaning of 29 U.S.C. § 1002(16)(B) and (21)(A). The Trustees may sue in the Funds' names under 29 U.S.C. § 1132(a)(3) and (d)(1).

7. The Plumbers' Welfare Fund, Local 130, U.A. ("Welfare Fund") collects every contribution, dues payment, and payroll deduction that a signatory employer owes under its collective bargaining agreement with Local 130. The Funds' Audit and Collection Policy delegates that authority to the Welfare Fund on behalf of the other Funds, the West Suburban Association Industry Fund, and Local 130. The collective bargaining agreement ("CBA") described below directs employers to send every remittance to the Funds by a single check. (Ex. B, §§ 6.6, 6.6(b).)

8. Adamson is an Illinois corporation incorporated on September 13, 1984 (Illinois File No. 53587089). Its annual report filed August 28, 2026 lists its principal office at 4N645

School Road, Suite 1, St. Charles, Illinois 60175. Its registered agent is Amy Grogan, 2 Mid America Plaza, Suite 110, Oakbrook Terrace, Illinois 60181.

9. Adamson is a plumbing contractor. It is an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 1002(5), (11), and (12) and 29 U.S.C. § 152(2), (6), and (7).

## FACTUAL ALLEGATIONS

10. On December 16, 2024, Adamson's President, Michael Owen, signed a Memorandum Agreement with Local 130 (the "Memorandum Agreement"). Local 130's Business Manager accepted it. A copy is attached as Exhibit A.

11. In the Memorandum Agreement, Adamson adopted the area-wide collective bargaining agreement between Local 130 and the West Suburban Association of Plumbing Contractors (the "CBA"). (Ex. A, ¶ 2.) The CBA runs from June 1, 2024 through May 31, 2028. A copy is attached as Exhibit B.

12. Adamson also adopted and agreed to be bound by the Trust Agreements establishing each of the Funds. (Ex. A, ¶ 3.) It ratified the appointment of the Funds' Employer Trustees and agreed to make the contributions the CBA requires. (Ex. B, §§ 9.1, 9.2, 9.3.)

13. The Memorandum Agreement remains in effect through May 31, 2028. (Ex. A, ¶ 4.)

14. The CBA requires Adamson to contribute the hourly amounts set in Appendix C for each hour worked by each covered employee. (Ex. B, §§ 9.1, 9.2, 9.3, and App. C.) Those contributions go to the Plumbers' Pension Fund, the Plumbers' Welfare Fund, the Trust Fund for Apprentice and Journeymen Education and Training, and the Plumbers' Retirement Savings Fund.

15. The CBA also requires Adamson to withhold each participating employee's elective 401(k) deferrals from weekly wages and remit them to the Plumbers' Retirement Savings Fund. (Ex. B, § 9.1.)

16. The CBA further requires Adamson to deduct authorized union dues and political action contributions from employee wages. (Ex. B, §§ 6.6, 6.6(b).) Adamson must remit those deductions to the Funds with its other contributions, by a single check payable to the Plumbers' Local 130 Contribution Account. *Id.*

17. Each month, Adamson must file a report with the Funds itemizing the contributions and deductions it owes for the prior month. (Ex. B, § 9.9.)

18. Contributions and deductions are due on the first day of the month following the month in which the work was performed. (Ex. B, § 9.8.) An employer that pays by the fifteenth day of that month avoids interest and liquidated damages. *Id.*

19. An employer that fails to pay by the fifteenth owes interest on the delinquent amounts from the due date. (Ex. B, § 9.8.) The rate is the greater of eight percent per year or prime plus three percent. *Id.* The employer also owes liquidated damages of eight percent of the cumulative outstanding balance. *Id.* The CBA states that these amounts are reasonable estimates of the Funds' collection costs and are not penalties. *Id.*

20. Adamson paid its April 2026 contributions after the fifteenth of the month in which they were due. After the CBA's contribution rates changed on June 1, 2026, the Funds issued Adamson a supplemental report for May 2026 with its June 2026 reports. Adamson paid the May 2026 supplemental report late as well. It has not paid the interest and liquidated damages those late payments triggered.

21. Adamson submitted its June 2026 reports, covering work performed June 1 through June 30, 2026. The reports were due July 1, 2026. They show $89,660.73 in contributions and deductions and $5,160.00 in employee 401(k) deferrals. Copies are attached as Exhibit C.

22. Adamson submitted its July 2026 reports, covering work performed July 1 through July 31, 2026. August 1, 2026 fell on a Saturday, and the reports list a due date of August 3, 2026. They show $28,222.54 in contributions and deductions and $280.00 in employee 401(k) deferrals. (Ex. C.)

23. Adamson has paid nothing on its June 2026 or July 2026 reports. The unpaid amounts are:

| | |
|---|---|
| June 2026 contributions and deductions | $89,660.73 |
| June 2026 employee 401(k) deferrals | $5,160.00 |
| July 2026 contributions and deductions | $28,222.54 |
| July 2026 employee 401(k) deferrals | $280.00 |
| ***Total unpaid contributions and deductions*** | **$123,323.27** |

24. Of the $123,323.27, Adamson owes $112,740.33 in contributions to the Funds. It owes the remaining $10,582.94 to Local 130 in dues, assessments, and other authorized payroll deductions. The Welfare Fund collects those amounts on Local 130's behalf.

25. On July 17, 2026, Local 130 sent Adamson written notice of the delinquency under Section 9.8 of the CBA.

26. On August 3, 2026, the Funds' counsel demanded payment in writing. Counsel sent the same demand to Adamson's registered agent on August 12, 2026, and the agent received it on August 13, 2026. Counsel sent a second demand to Adamson and its attorney on September 3, 2026.

27. On August 26, 2026, Mr. Owen wrote to Local 130 that Adamson had suspended its business. He wrote: "At no time have I said or emailed that Adamson would not be paying the monies owed for June/July dues." Adamson still has not paid.

28. Adamson's liquidated damages on its April, May, June, and July 2026 delinquencies total $22,811.45. Its interest on those delinquencies totaled $2,115.89 as of August 3, 2026. Under Section 9.8 of the CBA, interest continues to run from each due date until Adamson pays.

**COUNT I**
**Delinquent Contributions Under ERISA (29 U.S.C. §§ 1132 and 1145)**

29. Plaintiffs reallege and incorporate by reference paragraphs 1 through 28.

30. Section 515 of ERISA requires every employer obligated to contribute to a multiemployer plan under a collective bargaining agreement to pay according to the agreement's terms. 29 U.S.C. § 1145.

31. Adamson is obligated to contribute to the Funds under the Memorandum Agreement, the CBA, and the Trust Agreements.

32. Adamson violated Section 515 by failing to pay the $112,740.33 in contributions it reported to the Funds for June and July 2026. It also violated Section 515 by failing to pay the interest and liquidated damages owed on its late April and May 2026 payments.

33. When a plan obtains judgment in an action to enforce Section 515, the Court must award five things. 29 U.S.C. § 1132(g)(2). They are the unpaid contributions, interest on those contributions, and the greater of that interest or the plan's liquidated damages. *Id.* They also include reasonable attorneys' fees and costs, and any other legal or equitable relief the Court deems appropriate. *Id.*

WHEREFORE, the Funds request that this Court enter judgment in their favor and against Adamson Plumbing Contractors, Inc. on Count I, awarding:

a. Unpaid contributions of $112,740.33 for June and July 2026, under 29 U.S.C. § 1132(g)(2)(A).

b. Interest on the unpaid contributions from each due date at the rate set in Section 9.8 of the CBA, under 29 U.S.C. § 1132(g)(2)(B).

c. Liquidated damages of eight percent of the unpaid contributions under Section 9.8 of the CBA, under 29 U.S.C. § 1132(g)(2)(C).

d. The Funds' reasonable attorneys' fees and costs, under 29 U.S.C. § 1132(g)(2)(D).

e. Any other legal or equitable relief this Court deems appropriate, under 29 U.S.C. § 1132(g)(2)(E).

**COUNT II**
**Breach of the Collective Bargaining Agreement (29 U.S.C. § 185)**

34. Plaintiffs reallege and incorporate by reference paragraphs 1 through 28.

35. The Memorandum Agreement and the CBA are contracts between an employer and a labor organization within the meaning of 29 U.S.C. § 185(a). Local 130 represents employees in an industry affecting commerce.

36. The Funds are third-party beneficiaries of the Memorandum Agreement and the CBA. Those agreements require Adamson to contribute to the Funds and to remit dues and payroll deductions through the Funds.

37. Adamson breached the Memorandum Agreement and the CBA by failing to pay the contributions, deductions, interest, and liquidated damages the CBA requires. (Ex. B, §§ 6.6, 6.6(b), 9.1, 9.2, 9.3, 9.8.)

38. The Funds have performed every obligation the Memorandum Agreement and the CBA impose on them.

39. Adamson's breach has damaged the Funds in the amount of $123,323.27 in unpaid contributions, dues, and payroll deductions, including the $10,582.94 the Welfare Fund collects on Local 130's behalf. Adamson also owes interest and liquidated damages under Section 9.8 of the CBA.

WHEREFORE, the Funds request that this Court enter judgment in their favor and against Adamson Plumbing Contractors, Inc. on Count II, awarding:

a. Unpaid contributions, dues, and payroll deductions of $123,323.27 for June and July 2026.

b. Liquidated damages of $22,811.45 under Section 9.8 of the CBA on the April, May, June, and July 2026 delinquencies.

c. Interest under Section 9.8 of the CBA, which totaled $2,115.89 as of August 3, 2026 and continues to run.

d. The Funds' costs of this action.

e. Any other relief this Court deems just.

Respectfully submitted,

**PLUMBERS' PENSION FUND, LOCAL 130, U.A., et al.**

By: */s/ Kyle Sullivan*
One of their attorneys

Gregory W. Hosé
Andrew S. Pigott
Kyle Sullivan (ARDC No.: 6336828)
Kay Han
**Gregorio, Stec, Klein, & Hosé, LLC**
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
Phone: (312) 263-2343
Email: ksullivan@gregoriolaw.com